Chris Martinez (#11152)
Ashley M. Walker (#15762)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
martinez.chris@dorsey.com
walker.ashley@dorsey.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| M.A. and Z.A.,<br><br>         Plaintiffs,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, and KAISER ALUMINUM FABRICATED PRODUCTS WELFARE BENEFIT PLAN<br><br>         Defendant. | **ANSWER**<br><br>Civil No. 1:21-cv-83<br><br>Judge Jill N. Parrish |

For their joint Answer to Plaintiffs' Complaint, Defendants United Healthcare Insurance Company ("United"), United Behavioral Health ("UBH"), and Kaiser Aluminum Fabricated Products Welfare Benefit Plan (the "Plan" and, together with United and UBH, "Defendants") admit, deny, state, and allege as follows:

### FIRST DEFENSE

1. Admit the allegations in Paragraph 1, on information and belief.

2.     With respect to the allegations in Paragraph 2, admit United is an insurance company headquartered in Hartford, Connecticut and that Plaintiffs were participants or beneficiaries in an employer-sponsored plan insured by United; deny the remaining allegations.

3.     With respect to the allegations in Paragraph 3, admit that Plaintiffs were, at the time relevant to the allegations, a participant or beneficiary under a fully insured plan sponsored by an employer; state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore deny them.

4.     Admit Z.A. received treatment at BlueFire Wilderness Therapy ("BlueFire") and Uinta Academy ("Uinta") on information and belief; state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore deny them.

5.     With respect to the allegations in Paragraph 5, admit that United denied claims for certain of Plaintiff Z.A.'s treatment and refer to the administrative record pertaining to Plaintiff Z.A.'s claims kept and maintained by Defendant United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein; deny the remaining allegations.

6.     With respect to the allegations in Paragraph 6, admit that this Court has subject matter jurisdiction over this matter.

7.     With respect to the allegations in Paragraph 7, admit that there is venue of this matter in this Court.

8.     Admit that Plaintiffs purport to seek the relief identified in Paragraph 8, but deny that Plaintiffs are entitled to the relief they seek or any relief whatsoever.

9. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny them.

10. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

11. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them.

12. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

14. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them.

15. Admit the allegations in Paragraph 15 on information and belief.

16. With respect to the allegations in Paragraph 16, admit that UBH denied payment for Z.A.'s treatment; admit that UBH's denial is reflected in EOBs, which are the best evidence of their contents; deny the remaining allegations in Paragraph 16.

17. With respect to the allegations in Paragraph 17, admit Plaintiff M.A. submitted a January 10, 2019 level one appeal letter; state that M.A.'s January 10, 2019 letter is the best evidence of its contents; generally admit the paraphrase of M.A.'s January 10, 2019 letter; but deny the truth of the allegations therein.

18. With respect to the allegations in Paragraph 18, state that M.A.'s January 10, 2019 letter states that on November 16, 2018 someone named Parker was told M.A.'s claims were in review; deny the remaining allegations in Paragraph 18.

19. With respect to the allegations in Paragraph 19, generally admit the paraphrase of M.A.'s January 10, 2019 letter, which is the best evidence of its contents; but deny the truth of the allegations therein.

20. With respect to the allegations in Paragraph 20, admit that United issued a letter on February 14, 2019, that includes the quoted language; state that the February 14, 2019 letter is the best evidence of its contents; to the extent the quoted language differs from the February 14, 2019 letter, deny; deny the remaining allegations in Paragraph 20.

21. With respect to the allegations in Paragraph 21, admit M.A. submitted an appeal letter on April 2, 2019, which is the best evidence of its contents; generally admit the paraphrase of the April 2, 2019 letter; deny the truth of the allegations therein.

22. With respect to the allegations in Paragraph 22, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

23. With respect to the allegations in Paragraph 23, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; admit United has certain responsibilities under ERISA, but deny any allegation they failed to satisfy those obligation; deny the remaining allegations in Paragraph 23.

24. With respect to the allegations in Paragraph 24, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

25. With respect to the allegations in Paragraph 25, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

26. With respect to the allegations in Paragraph 26, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

27. With respect to the allegations in Paragraph 27, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; admit M.A. attached a copy of United's Skilled Care and Custodial Care Services guidelines; deny the truth of the allegations in M.A.'s April 2, 2019 letter.

28. With respect to the allegations in Paragraph 28, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

29. With respect to the allegations in Paragraph 29, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; admit the April 2, 2019 letter contains the quoted language; to the extent the quoted language differs from the April 2, 2019 letter, deny; deny the truth of the allegations therein.

30. With respect to the allegations in Paragraph 30, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the remaining allegations in Paragraph 30.

31. With respect to the allegations in Paragraph 31, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

32. With respect to the allegations in Paragraph 32, admit that United issued a letter on May 3, 2019 that includes the quoted language, which is the best evidence of its contents; to

the extent the quoted language differs from the May 3, 2019 letter, deny; deny the remaining allegations in Paragraph 32.

33. With respect to the allegations in Paragraph 33, admit that M.A. submitted a June 26, 2019 letter; generally admit the paraphrase of M.A.'s June 26, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

34. With respect to the allegations in Paragraph 34, admit M.A.'s June 26, 2019 letter contains the quoted language; to the extent the quoted language differs from the June 26, 2019 letter, deny; generally admit the paraphrase of M.A.'s June 26, 2019 letter, which is the best evidence of its contents; deny the remaining allegations in Paragraph 34.

35. With respect to the allegations in Paragraph 35, admit M.A.'s June 26, 2019 letter contains the quoted language; to the extent the quoted language differs from the June 26, 2019 letter, deny; generally admit the paraphrase of M.A.'s June 26, 2019 letter, which is the best evidence of its contents; deny the remaining allegations in Paragraph 35.

36. With respect to the allegations in Paragraph 36, admit that United issued a letter that includes the quoted language on July 24, 2019, which letter is the best evidence of its contents; to the extent the quoted language differs from the July 24, 2019 letter, deny; deny the remaining allegations in Paragraph 36.

37. With respect to the allegations in Paragraph 37, admit that M.A. submitted a letter on August 19, 2019 requesting an external review; generally admit the paraphrase of the August 19, 2019 letter; deny the truth of the allegations therein.

38. With respect to the allegations in Paragraph 38, generally admit the paraphrase of M.A.'s August 19, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

39. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny them.

40. Admit the allegations in Paragraph 40 on information and belief.

41. With respect to the allegations in Paragraph 41, admit United denied payment for Unity Academy RTC by a letter dated August 21, 2018, which is the best evidence of its contents; admit the August 21, 2018 letter includes the quoted language; to the extent the quoted language differs from the August 21, 2018 letter, deny; deny the remaining allegations in Paragraph 41.

42. With respect to the allegations in Paragraph 42, admit that M.A. submitted a letter dated December 28, 2018, which is the best evidence of its contents; generally admit the paraphrase of M.A.'s December 28, 2018 letter; deny the remaining allegations.

43. With respect to the allegations in Paragraph 43, generally admit the paraphrase of the December 28, 2018 letter, which is the best evidence of its contents; admit that the December 28, 2018 letter contains the quoted language and attributes that language to separate letters from Alison M. LaFollette, Shannon Kerrick, LCSW, and Tracey Leyde; to the extent the quoted language differs from the December 28, 2018 letter, the LaFollette letter, the Kerrick letter, or the Lyde letter, deny; deny the remaining allegations.

44. With respect to the allegations in Paragraph 44, generally admit the paraphrase of M.A.'s December 28, 2018 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

45. With respect to the allegations in Paragraph 45, generally admit the paraphrase of M.A.'s December 28, 2018 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

46. With respect to the allegations in Paragraph 46, generally admit the paraphrase of M.A.'s December 28, 2018 letter, which is the best evidence of its contents; admit the December 28, 2018 letter contains the quoted language; to the extent the quoted language differs from the December 28, 2018 letter, deny; deny the truth of the allegations therein.

47. With respect to the allegations in Paragraph 47, admit that M.A.'s December 28, 2018 letter contains the quoted and paraphrased language, which it attributes to a letter from Michael S. Connolly, M.D.; to the extent the quoted language or paraphrase differs from the December 28, 2018 letter, deny; deny the truth of the allegations therein; deny the remaining allegations in Paragraph 47.

48. With respect to the allegations in Paragraph 48, admit that United sent a letter dated February 2, 2019 regarding coverage at Unity Academy RTC, which is the best evidence of its contents; admit the February 2, 2019 letter determined that no further authorization could be provided from September 22, 2018; admit that the February 2, 2019 letter contains the quoted language; to the extent the quoted language differs from the February 2, 2019 letter, deny; deny the remaining allegations in Paragraph 48.

49. With respect to the allegations in Paragraph 49, admit United sent a letter dated February 8, 2019; admit the February 8, 2019 letter denied coverage for Unity Academy RTC from January 4, 2019 forward; admit the February 8, 2019 letter contains the quoted language; to the extent the quoted language differs from the February 8, 2019 letter, deny; deny the remaining allegations in Paragraph 49.

50. With respect to the allegations in Paragraph 50, admit that M.A. submitted an appeal letter on April 2, 2019, which is the best evidence of its contents; generally admit the paraphrase of M.A.'s April 2, 2019 letter; deny the truth of the allegations therein.

51.     With respect to the allegations in Paragraph 51, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

52.     With respect to the allegations in Paragraph 52, generally admit the paraphrase of M.A.'s April 2, 2019 letter, which is the best evidence of its contents; deny the truth of the allegations therein.

53.     With respect to the allegations in Paragraph 53, admit that M.A.'s April 2, 2019 includes the quoted language and attributes the quoted language to a letter from Melissa Adamson, MSW, LCSW, dated December 15, 2018; to the extent the quoted language differs from the language of the April 2, 2019 letter or the Adamson letter, deny; deny the truth of the allegations therein.

54.     With respect to the allegations in Paragraph 54, admit that M.A.'s April 2, 2019 letter included some medical records; deny the remaining allegations in Paragraph 54.

55.     With respect to the allegations in Paragraph 55, admit United sent a letter dated April 10, 2019, which confirmed it had recently authorized benefit coverages at Unity Academy RTC LLC effective August 9, 2018 to September 21, 2018.

56.     With respect to the allegations in Paragraph 56, admit United sent a letter dated May 2, 2019; admit the May 2, 2019 letter upheld denial of payment for Unity Academy RTC; admit the May 2, 2019 letter contains the quoted language; to the extent the quoted language differs from the May 2, 2019 letter, deny; deny the remaining allegations in Paragraph 56.

57.     With respect to the allegations in Paragraph 57, admit that on July 29, 2019, United issued an explanation of benefits that included the quoted language with respect to Unity

Academy RTC; to the extent the quoted language differs from the July 29, 2019 notice, deny; deny the remaining allegations in Paragraph 57.

58. With respect to the allegations in Paragraph 58, admit M.A. requested an external review by letter dated August 19, 2019, which letter is the best evidence of its contents; generally admit the paraphrase of M.A.'s August 19, 2019 letter; deny the truth of the allegations therein.

59. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny them.

60. Admit the allegations in Paragraph 60.

61. Deny the allegations in Paragraph 61.

62. Deny the allegations in Paragraph 62.

63. Paragraph 63 states a legal conclusion to which no response is necessary. To the extent a response is required, deny the allegations of Paragraph 63.

64. Deny the allegations in Paragraph 64.

65. Paragraph 65 states a legal conclusion to which no response is necessary. To the extent a response is required, deny the allegations of Paragraph 65.

66. Deny the allegations in Paragraph 66.

67. Deny the allegations in Paragraph 67.

68. Deny the allegations in Paragraph 68.

69. Paragraph 69 states a legal conclusion to which no response is necessary. To the extent a response is required, deny the allegations of Paragraph 69.

70. Paragraph 70 states a legal conclusion to which no response is necessary. To the extent a response is required, deny the allegations of Paragraph 70.

71. Paragraph 71 states a legal conclusion to which no response is necessary. To the extent a response is required, deny the allegations of Paragraph 71.

72. Paragraph 72 states a legal conclusion to which no response is necessary. To the extent a response is required, deny the allegations of Paragraph 72.

73. With respect to the allegations in Paragraph 73, generally admit that Paragraph 73 paraphrases arguments M.A. made with respect to restriction placed on outdoor behavioral health treatment and denial based on treatment taking place outdoors; but deny the truth of M.A.'s arguments as stated in Paragraph 73.

74. With respect to the allegations in Paragraph 74, generally admit that Paragraph 74 paraphrases the arguments M.A. made with respect to the basis for United's denial of coverage; but deny the truth of M.A.'s arguments as stated in Paragraph 74.

75. Deny the allegations in Paragraph 75.

76. With respect to the allegations in Paragraph 76, admit the Plan provides benefits for skilled nursing facilities, inpatient hospice care, and rehabilitation facilities; state that whether these are medical/surgical treatments analogous to the benefits the Plan excluded for M.A.'s treatment is a legal conclusion to which no response is necessary; deny the remaining allegations in Paragraph 76.

77. With respect to the allegations in Paragraph 77, admit United does not exclude or restrict coverage of medical/surgical conditions by imposing improper restrictions; state that whether excluding coverage for analogous conditions would violate the terms of the insurance contract is a legal conclusion to which no response is necessary; state that the remaining allegations of Paragraph 77 call for speculation, and on that basis deny the remaining allegations in Paragraph 77.

78. State that Paragraph 78 calls for speculation and on that basis deny the allegations contained therein.

79. Deny the allegations in Paragraph 79.

80. Deny the allegations in Paragraph 80.

81. Deny the allegations in Paragraph 81.

82. State that Paragraph 82 calls for speculation, and on that basis deny the allegations in Paragraph 82.

83. With respect to the allegations in Paragraph 83, generally admit that Paragraph 83 paraphrases arguments M.A. made with respect to changes in United's criteria; deny the remaining allegations in Paragraph 83.

84. With respect to the allegations in Paragraph 84, generally admit that Paragraph 84 paraphrases arguments M.A. made with respect to United's application of criteria; but deny the truth of M.A.'s arguments as stated in Paragraph 84.

85. Deny the allegations in Paragraph 85.

86. With respect to the allegations in Paragraph 86, generally admit that Paragraph 86 paraphrases arguments M.A. made with respect to the MHPAEA; deny the remaining allegations in Paragraph 86.

87. Deny the allegations in Paragraph 87.

88. Deny the allegations in Paragraph 88.

89. Deny each and every allegation in Plaintiffs' Complaint unless expressly admitted, including that Plaintiffs are entitled to the relief requested in the Prayer for Relief or any relief whatsoever.

## SECOND DEFENSE

90. Plaintiffs' Complaint, in part, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

91. Plaintiffs' claims are barred for failure to comply with the terms and conditions of the subject Plan and policies.

## FOURTH DEFENSE

92. Plaintiffs' claims are barred or set-off by failure to mitigate damages, to the extent any damages are found to exist.

## FIFTH DEFENSE

93. Defendants' decision-making was not arbitrary or capricious and, therefore, the Court cannot disturb Defendants' determination concerning Plaintiff's claim for benefits.

## SIXTH DEFENSE

94. Defendants' benefit determinations that are the subject of the Complaint were reasonable and correct under the terms of the Plan.

## SEVENTH DEFENSE

95. Even if Plaintiffs' claims were covered, any reimbursement would be limited and governed by the Plan at issue.

## EIGHTH DEFENSE

96. Plaintiffs' damages, if any, are limited to those damages recoverable in Section 502(a)(1)(b) of ERISA.

## **NINTH DEFENSE**

97. The Court's review of Plaintiffs' claims against Defendants is limited to the correspondence, notes, and documents contained in the administrative record kept and maintained by the Defendants in the regular course of its business.

98. Defendants reserve the right to assert additional defenses as they become known during investigation and defense of Plaintiffs' claims.

WHEREFORE, Defendants request that judgment be entered as follows:

1. Dismissing Plaintiffs' Complaint with prejudice;

2. For Defendants' reasonable costs and attorney fees herein; and

3. For such other and further relief as the Court deems just and equitable.

DATED this 7th day of September, 2021.    Dorsey & Whitney LLP

                                                            By:  /s/ Chris Martinez
Chris Martinez
Ashley M. Walker
*Attorneys for Defendants*